IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| TINA RAY, | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 5:17cv00093 |
| | ) | |
| MICHAEL ROANE, | ) | |
| Defendant. | ) | |

## <u>REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR SANCTIONS</u>

Defendant Augusta County Deputy Sheriff Michael Roane submits this reply memorandum in further support of his motion for sanctions and with respect to plaintiff Tina Ray's response to that motion ("Plaintiff's Response") (Doc. 19).

Plaintiff's abuse of the judicial process with outrageous and sensationalistic allegations is further compounded by baseless attacks upon defense counsel in Plaintiff's Response.

The smokescreen plaintiff seeks to conjure up in Plaintiff's Response cannot obscure that:

- Plaintiff's outrageous and sensationalistic language is enough to warrant sanctions.

- Plaintiff's allegations are also belied by her admissions – the authenticity of the recording of which plaintiff does not dispute.[1]

- Not only plaintiff's outrageous, sensationalistic, and false allegations, but the circumstances of plaintiff's lawsuit show an improper purpose and harassment as well.

Plaintiff's outrageous, sensationalistic, and false Complaint allegations, and continued such impertinent and baseless assertions in subsequent filings, are not mere "attorney's enthusiasm or creativity," as plaintiff argues.  Plaintiff's Response 6.  It is respectfully submitted that plaintiff and her counsel have violated Rule 11, and should be sanctioned.

---

[1] While plaintiff's counsel seems concerned with trying to justify only *himself*, and only with respect to his pre-suit conduct, the defendant's sanctions motion is directed at both the plaintiff and plaintiff's counsel (and conduct continuing past the initial filing).

**Plaintiff's Outrageous and Sensationalistic Allegations Warrant Sanctions**

Defendant's sanctions motion is supported by references to specific Complaint allegations and the record showing sanctionable conduct.  *See, e.g.*, Doc. 16-3 ¶¶ 7-11, 16 (including Complaint ¶ 1 ("executed" and "blowing his brains out execution style"), ¶ 4 ("calmly, with an expressionless face . . . execution style"), ¶ 5 ("drunk and emboldened with power"), ¶ 39 ("with an expressionless face . . . execution style"), ¶ 40 ("execution style"); Plaintiff's Response to Motion to Dismiss (Doc. 11) p.2 ("casually stood over Ms. Ray's dog and executed him"), p. 5 ("at the time he executed" the dog), p. 21 ("when he executed" the dog)).

The tone, language, and nature of plaintiff's outrageous, sensationalistic, allegations in the Complaint, and continued impertinent and baseless assertions on brief, have no place in any filing in this Court – and in and of itself warrant sanctions.

As the Fourth Circuit has made clear:

> [T]he existence of numerous irrelevant, unsubstantiated, and sensational allegations is an appropriate factor for a district court to consider in determining whether the pleading as a whole lacks adequate factual foundation.

*In re Kunstler*, 914 F.2d 505 (4th Cir. 1990), *cert. denied*, 499 U.S. 969 (1991).

"[W]here the allegations made in the Complaint are outrageous in tone, nature and demeanor," the Court may reject the plaintiff's claims that his investigation and research led him to believe he could properly assert them.  *Anderson v. Godley*, 2009 WL 2881080 *10 (W.D.N.C. 2009) (citing *In re Kunstler*).

Pursuant to Rule 11:

> [T]his Court has the power to fashion a sanction that will deter repetition of comparable conduct, including non-monetary directives.

2

> The conduct of [plaintiff's counsel] in this case was discourteous, unprofessional, and disrespectful to this Court and, accordingly this Court condemns it in the strongest possible terms.  [Plaintiff's counsel] is a member of the Virginia State Bar, which, in connection with the admission of new members to the bar of the Commonwealth of Virginia, requires all new admittees to attend a Mandatory Course on Professionalism.  It is obvious that [plaintiff's counsel] needs a refresher.  Accordingly, the Court will, by order, direct that he attend the next Mandatory Course on Professionalism conducted by the Virginia State Bar and submit an affidavit to this Court confirming that he has complied with this requirement.  If he fails to do so, the Court will be prepared to grant leave to the Defendants to submit a supplemental declaration in support of an award of monetary sanctions.

*Moreno v. PF Hurley, Inc.*, 2009 WL 3208324 *5 (D. Md. 2009).

The Advisory Committee's Notes to Rule 11 emphasize that the purpose of Rule 11 sanctions is to deter, and that monetary sanctions (whether payment into Court as a penalty, or to a party) as well as non-monetary sanctions may be appropriate:

> The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities . . .  The rule does not attempt to enumerate the factors a court should consider in deciding whether to impose a sanction or what sanctions would be appropriate in the circumstances[.]

Fed. R. Civ. P. 11 Advisory Committee's Notes (1993).[2]

---

[2]The rants that permeate Plaintiff's Response are misguided also with respect to the sanctions motion memorandum authority.  Defendant cited ample authority in that memorandum, in addition to incorporating by reference the motion to dismiss briefing, and plaintiff completely ignores the Rule 11 Advisory Committee's Notes that were also cited.  Advisory Committee's Notes are relied upon by Courts interpreting the Federal Rules of Civil Procedure – including the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit, and including with respect to Rule 11.  *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 48, 51 (1991) (citing to the Advisory Committee's Notes to Rule 11, with respect to Rule 11 building and expanding upon the equitable doctrine permitting Courts to take various sanctioning measures when a litigant institutes or conducts litigation, and with respect "to the aim of the Rules themselves"); *Rector v. Approved Fed. Savings Bank*, 265 F.3d 248, 251-52 (4th Cir. 2001) (quoting Advisory Committee's Notes to Rule 11); *Scruggs v. Spartanburg Reg'l Med. Ctr.*, 198

It is respectfully submitted that Plaintiff's outrageous and sensationalistic language is enough to warrant sanctions.

**Plaintiff's allegations are also belied by her own admissions**
**– the authenticity of the recording of which plaintiff does not dispute**

Not only are specified allegations in plaintiff's Complaint belied by her own admissions at the time of the incident – *including that she did not see the incident, and did not realize that Deputy Roane had even gotten out of the truck until after the shot* -- as detailed in the motion for sanctions and reflected in the audio recording in the record, but Plaintiff's Response continues to show bad faith in that regard.

While Plaintiff's Response is peppered with references to the recording as being "unauthenticated" – *see, e.g.,* Response pp. 1, 2, 8, 9 – plaintiff *nowhere* disputes the recording's authenticity.  Plaintiff *does not* contend that the recording is not authentic.  As a party to the conversation with Deputy Roane that is recorded, plaintiff certainly knows.[3]

_____

F.3d 237 (4th Cir. 1999) (citing to the Supreme Court's quotation of the Advisory Committee's Notes on 1993 Amendments as persuasive as to the meaning of the Rule); *In re Mraz*, 46 F.3d 1125 (4th Cir. 1995) (quoting Advisory Committee's Notes to Rule 11).

The Plaintiff's Response's scattershot case citations do not excuse the conduct of plaintiff and her counsel on which the defendant's sanctions motion is based, nor mask that the Plaintiff's Response largely simply does not address the underlying sanctionable conduct.

Furthermore, the memorandum the defendant filed in support of the sanctions motion is the exact same memorandum that was sent to plaintiff's counsel more than 21 days before the motion was filed – giving plaintiff and plaintiff's counsel ample notice regarding the conduct considered sanctionable and time for the plaintiff and plaintiff's counsel to correct it, and the memorandum provides more than what Rule 11 requires in that regard.

[3]Indeed, while out of one side of the mouth referring to the recording as "unauthenticated," out of the other side of the mouth plaintiff quotes from other parts of the recording in Plaintiff's Response as well as in Plaintiff's Reply to Answer (Doc. 20).  As a matter of transparency and in fulfillment of counsel's obligations of candor before the Court, the

The audio recording of the conversation between plaintiff and Deputy Roane at the time of the incident is in the record as Exhibit 2 attached to Deputy Roane's Answer to the Complaint, which pleading identifies, includes and authenticates the recording (*see, e.g.,* Doc. 5 (Answer) ¶¶ 2, 6a, 14, 110, 111, 116, and Doc. 5-2).  To "satisfy the requirement of authenticating or identifying an item of evidence," the proponent need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).

The audio recording has been more than amply authenticated – and plaintiff does not dispute its authenticity.  Moreover, "[e]ven if a party fails to authenticate a document properly . . . the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic."  *Fenje v. Feld*, 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003).  *Accord Greenwich Ins. Co. v. Media Breakaway, LLC*, 2009 WL 2231678 *3 n.4 (C.D. Cal. 2009), *aff'd*, 417 F. App'x 642 (9th Cir. 2011) (same); *Rainey v. Village of Lynwood*, 2010 WL 2403035 *2 n.4 (N.D. Ill. 2010) (while plaintiffs object that "Defendants failed to authenticate the CAD log," "Plaintiffs do not actually claim that the CAD log is not authentic.  Thus, their objection has no merit"); *Finance Co. of Am. v. Bankamerica Corp.*, 493 F. Supp. 895, 900-901 (D. Md. 1980) (sufficient evidence of authenticity is provided by the opposing party having attacked the failure to authenticate, rather than the authenticity itself).

In addition, Fed. R. Evid. 901(4) and (5) also provide that the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances," and an "opinion identifying a person's voice . . . based on hearing the voice at any time under circumstances that connect it with the alleged speaker," are additional

---

defendant filed the entirety of the recording in the record, not cherry-picked sound bites.

5

examples of evidence that satisfies authentication. *See also Jenkins v. Trustees of Sandhills Community College*, 259 F. Supp. 2d 432, 439 (M.D. N.C. 2003) ("upon reading the letters, it is apparent they are responsive to each other"; accepting the authenticity of the letters), *aff'd*, 80 F. App'x 819 (4ᵗʰ Cir. 2003), *cert. denied*, 540 U.S. 1199 (2004).  Plaintiff was a participant in the recorded conversation, and it was a running conversation with clear internal connections between what the plaintiff said and what Deupty Roane said.  The audio recording is sufficiently authenticated.  Plaintiff does not dispute its authenticity.  And plaintiff's effort at evasion in that regard further demonstrates the bad faith with which plaintiff through plaintiff's counsel is proceeding in this litigation.

The audio recording shows the falsity of specific allegations discussed in the sanctions motion.  Plaintiff's effort to evade what that audio recording shows – dismissively characterizing as "alleged contradictory statements found on an unauthenticated audio recording," that plaintiff does not want this Court to consider even if such consideration were to "screen[] out sham issues of fact," just because the audio recording was provided to the plaintiff by the defendant "prior to any discovery"[4] – should not be countenanced.  It is respectfully submitted that what the audio recording shows as to the falsity of plaintiff's allegations, and plaintiff's gamesmanship in that

---

[4]Plaintiff's Response p. 1; *see also* Plaintiff's Response p. 8 ("Ms. Booth Johnson relies on an *unauthenticated audio recording* where no party in the recording has been subject to cross examination" and the "contradictory statement made by Plaintiff should not be deemed a sham statement, because summary judgment is the 'procedure for screening out sham issues of fact'") (emphasis in original).

While none of the decisions plaintiff cites excuses the sanctionable course of conduct that plaintiff through her counsel has undertaken – and persists in – with this lawsuit, the utter contortion that plaintiff's counsel makes of *Williams v. City of Newport News*, 2015 WL 6443091 (E.D. Va. 2015) (Plaintiff's Response pp. 2, 11, 12), as part of the vitriol he spews at defense counsel, is perhaps especially notable.

6

regard, constitutes a continuation of a course of conduct warranting sanctions.[5]

**Not only plaintiff's outrageous, sensationalistic and false allegations, but the other circumstances of plaintiff's lawsuit also show an improper purpose and harassment**

The circumstances surrounding a filing may all be considered in determining that there was an improper purpose in filing and pursuing a lawsuit, and it is within a district court's discretion to "infer[] an improper purpose from the timing of the filing of the complaint," "[r]epeated filings," and "[i]n finding improper purpose [to be] influenced by the outrageous nature of the claims made." *In re Kunstler*, 914 F.2d at 519-20 ("all appropriate indicators of an improper purpose").

The circumstantial facts here – including the outrageous, sensationalistic and false allegations plaintiff makes through her counsel, the repeated filings against Deputy Roane by plaintiff's counsel – Nexus Caridades, Inc., to which Nexus Services, Inc. (President and CEO Mike Donovan) provides all the funding, and the timing related to this suit – *all* indicate an

---

[5]Plaintiff's Response is pegged solely to "pre-suit" conduct justification – Response p. 1 ¶ 1; *see also* Response p. 2 ¶ 3 ("prior to filing suit"), p. 2 ("pre-suit investigation"), p. 3 n.1 ("pre-filing steps"), p. 4 heading ("prior to filing"), p. 8 ("discovery has not begun") – but compliance with Rule 11 obligations "are not measured solely as of the time [a paper is] filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11 Advisory Committee's Notes (1993), cited in the initial sanctions motion memorandum (Doc. 16-3 at p. 7).

The defendant filed his Answer attaching the audio recording of plaintiff's admissions and sent that recording to plaintiff's counsel on November 1, 2017. With plaintiff having the benefit of what that recording shows, not until November 22, 2017 did the defendant send a sanctions motion to plaintiff's counsel, and not until December 14, 2017 did the defendant file that sanctions motion. Not only does that recording reflect that plaintiff's allegations were baseless from the outset, as reflected by her own statements and within her own knowledge, but plaintiff through plaintiff's counsel has persisted in a course of conduct violative of Rule 11, as discussed in the sanctions motion and continuing with Plaintiff's Response and other filings.

improper purpose carried out by plaintiff's counsel through this lawsuit, and call for sanctions against plaintiff's counsel as well plaintiff for that independent reason.

Since Deputy Roane filed his sanctions motion in this lawsuit (but before Plaintiff's Response), one of the previous lawsuits that plaintiff's counsel filed against Deputy Roane in this Court, cited in the sanctions motion (Doc. 16-3 p. 5), has been dismissed as against Deputy Roane. *Watford v. Roane*, Civ. No. 5:17cv00062 (W.D. Va.).

As this Court stated in dismissing the Nexus Caridades-filed claim against Deputy Roane, "Watford has failed to identify a single misstatement or omission, and utterly failed to set forth any facts that would meet her pleading burden[.]" *Watford v. Roane,* 2017 WL 6542516 *3 (W.D. Va. December 21, 2017). *See* newspaper article attached as Exhibit 1 (stating that nevertheless, "Michael Donovan, CEO of Nexus, said the company was happy to fund Waterford's case" and quoting Donovan as saying that "Nexus will proudly fund" any appeal); newspaper article attached as Exhibit 2 (regarding another lawsuit against Deputy Roane filed by Nexus Caridades, *Varner v. Roane*, and quoting Donovan as saying, "This officer has a track record of these type of allegations" – with the "track record" of "these type of allegations" comprised of allegations filed by Nexus and Nexus-funded Nexus Caridades).

Plaintiff's counsel's efforts to distance himself and his lawsuits against Deputy Roane from plaintiff's counsel's sole benefactor are unavailing. Indeed, in Plaintiff's Reply to Answer, which plaintiff's counsel filed the day after Plaintiff's Response, plaintiff's counsel even denies that "Nexus Services, Inc., is a 'holding company' of a 'family of companies' that included Nexus Caridades Attorneys, Inc.," and contends that "Nexus Caridades Attorneys, Inc. is an independent law firm not owned, controlled, or held [by] Nexus Services, Inc."  Doc. 20 p. 3 ¶ 6.

8

Plaintiff's counsel's denial flies in the face of what Nexus Services, Inc., has itself alleged in the lawsuit Nexus and Donovan brought against Deputy Roane (and others) in this Court.  *See* in *Nexus Services, Inc. v. Moran*, Civ. No. 5:16cv00035 (W.D. Va.):  Complaint (Doc. 1) p. 3 ¶ 1, p. 10-11 ¶ 30 and p. 12 ¶ 30(c) ("Plaintiff NEXUS Services, Inc. . . . is the holding company for the Nexus family of companies, which includes . . . NEXUS Caridades, Inc.," founded and "backed" by Donovan and his partner) (excerpt attached as Exhibit 3); Nexus' proposed First Amended Complaint (Doc. 53-1) p. 2 ¶ 1 (same) (attached as Exhibit 4); Nexus' proposed Second Amended Complaint (Doc. 68-1) p. 2 ¶ 1 (same) (attached as Exhibit 5).

In Nexus' and Donovan's lawsuit against Deputy Roane in this Court, they complain about Deputy Roane being involved in investigation related to Nexus Caridades (attached Exhibit 3 pp. 19-29).

Plaintiff's counsel's denial in this action with respect to the intimate relationship between Nexus, Donovan and plaintiff's counsel also flies in the face of what plaintiff's counsel has filed in other court proceedings on behalf of Nexus and Donovan (with Mario Williams, Nexus Caridades, as counsel for Nexus Services, Inc. and Libre by Nexus:  *see, e.g.*, in *Libre by Nexus, Nexus Services, Inc. v. Sheriff Judd*, Circuit Court of Polk County, Florida Case No. 2017-CA-003170, Complaint filed September 10, 2017, p. 6 ¶ 8 ("Nexus Services, Inc funds . . . Nexus Caridades Attorneys, Inc"), and p. 21 signature page (excerpt attached as Exhibit 6); and with *pro hac vice* plaintiff's counsel in this action, Dallas S. LePierre, Nexus Caridades, as counsel for Nexus Services, Inc. and Donovan:  *see, e.g.,* in *Nexus Services, Inc., and Donovan v. Briggman* (a former employee of Nexus), Circuit Court for Orange County, Florida Case No. 2017-CA-9843, Complaint filed November 17, 2017, p. 2 ¶¶ 8-10 ("Nexus Services, Inc., is the parent

9

company of the Nexus group of companies" and "Nexus funds . . . Nexus Caridades Attorneys, Inc.") and p. 9 signature page (excerpt attached as Exhibit 7)).[6]

Nexus Caridades' own website information refers to "Our parent company, Nexus Services Inc."  *See* screenshot attached as Exhibit 8 (most recently accessed December 29, 2017).

And while plaintiff's counsel has used only a Georgia address in this particular lawsuit,[7] Nexus Caridades, Inc. operates out of the same location as Nexus Services, Inc., 113 Mill Place Pkwy, Verona, Virginia.  The only address that the Georgia Corporations Division lists for Nexus Caridades Attorneys Inc. is that Verona, Virginia address.  *See* Georgia Corporations Division information for Nexus Caridades Attorneys Inc. (attached as Exhibit 10); *see also* Exhibit 8.

In addition, the specific timing of events with respect to this lawsuit also shows the improper purpose being carried out by plaintiff's counsel through this lawsuit.  On Sunday, September 24, 2017, Deputy Roane, as a supervisory member of a multi-jurisdictional drug task force, was summoned by other officers to assist at the plaintiff's house, where he was charged by a large, aggressive dog and fired one shot to protect himself and the dog died.

That same day, Donovan began posting to social media outrageous and sensationalistic

_____

[6]Plaintiff's evasions and equivocations in Plaintiff's Reply to Answer in numerous areas do not comply with this Court's December 15, 2017 Order that plaintiff file a detailed reply to Deputy Roane's Answer, addressing the specific allegations in the Answer, including in the attached exhibits, and stating the facts with particularity, and further demonstrate plaintiff's continuing course of abusive conduct.

[7]The Georgia address plaintiff's counsel uses is that of the previous law practice of Mr. Williams.  *See Watford v. Roane*, Civ. No. 5:17cv00062 (W.D. Va.), Declaration of Mario Williams (Doc. 11-1) (attached as Exhibit 9).

Mr. Williams represents that he has "started a Civil Rights Division for Nexus Caridades Attorneys, Inc."  Williams Declaration p. 2 ¶ 11 (Exhibit 9).

10

remarks about Deputy Roane and foreshadowing the impending lawsuit Nexus Caridades, Inc. would file, with Donovan stating, "you will be held to account for your actions in front of a federal jury."  *See* Doc. 5-8 (Exhibit 8 to the motion for sanctions memorandum).

By the next day, Nexus Services, Inc. had started a petition on change.org "organizing efforts for Augusta County Sheriff Donald L. Smith to immediately terminate Investigator Roane" (Doc. 5-7) (Exhibit 7 to the motion for sanctions memorandum).

On September 27, 2017, Nexus Caridades (Mario Williams) filed this lawsuit against Deputy Roane.

That the dog was shot by Deputy Roane at close range in the head and died does not, by itself, provide a factual or legal basis for plaintiff's allegations, as plaintiff would have this Court infer.  And taking into account all the circumstances surrounding this lawsuit, the conclusion that this lawsuit was filed and is being pursued for an improper purpose and to harass Deputy Roane is also inescapable.  On each of those grounds, the conduct of plaintiff and her counsel has violated Rule 11, and Deputy Roane respectfully submits that the Court should exercise its discretion and sanction them accordingly.

> The district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence.  Deference to the determination of courts on the front lines of litigation will enhance these courts' ability to control the litigants before them.

*Quality Inns Int'l, Inc. v. L.B.H. Assoc. Ltd. P'ship*, 929 F.2d 694 (4th Cir. 1992) (affirming District Court's imposition of Rule 11 sanctions), *quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990).

WHEREFORE, based on the foregoing and the reasons set forth in Deputy Roane's initial

motion for sanctions papers and the record, it is respectfully requested that this Court grant the

motion for sanctions, along with such other and further relief to Deputy Roane as is just.

Augusta County Deputy Sheriff
Michael Roane

By  s/ Carlene Booth Johnson
Counsel
Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
262 Chellowe Road
Dillwyn, Virginia 23936
tel:  (434) 983-5005
fax:  (434) 983-5021
email: perrylawfirm@hughes.net

<u>Certificate</u>

I certify that on January 4, 2018, I electronically filed the foregoing and attachments with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the following:

Mario B. Williams, Esq.
Dallas S. LePierre, Esq.
Nexus Caridades Attorneys, Inc.
44 Broad Street, NW, Suite 200
Atlanta, GA 30303

By  s/ Carlene Booth Johnson
Counsel
Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
262 Chellowe Road
Dillwyn, Virginia 23936
tel:  (434) 983-5005
fax:  (434) 983-5021
email: perrylawfirm@hughes.net